# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MARIUS COFIE, ) | |
| ) | CIVIL ACTION |
| PLAINTIFF, ) | FILE NO. |
| ) | Jury Trial Demanded |
| ) | |
| V. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| DEFENDANT. ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Marius Cofie, Plaintiff in the above styled action, by and through the undersigned counsel, Kenneth S. Nugent, P.C., and hereby files this his Complaint (the "Complaint") against Defendant United States of America, and shows this Honorable Court as follows:

This matter arises under the Federal Tort Claims Act and is the result of an automobile accident caused by the negligence of the United States Postal Service and its employee.

## PARTIES

1.

Plaintiff is a male citizen of the United States and a resident of Fulton County, Georgia.

2.

Defendant the United States of America is subject to suit under the Federal Tort Claims Act for the alleged negligent conduct of the United States Postal Service (hereinafter "USPS") and its employee. The United States of America may be served service of the summons and Complaint through the following individuals through registered or certified mail as required by FRCP 4(i)(2):

A. Ryan K. Buchanan, Esq., U.S. Attorney for the Northern District of Georgia, Richard B. Russell Federal Building, 75 Ted Turner Drive, S.W., Suite 600, Atlanta, Georgia 30303-3309;

B. Merrick Garland, Attorney General of the United States, U.S. Department of Justice, 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530-0001.

## JURISDICTION

3.

This action against the United States of America arises under the Federal

Tort Claims Act, 28 U.S.C. §2674, for personal injuries sustained in a motor vehicle accident where the liable party was a postal delivery driver operating an USPS vehicle at the time of the accident.

4.

This Court has original jurisdiction over claims against the United States of America pursuant to the Federal Tort Claims Act.

5.

Venue is proper in this Court as the circumstances, acts and events which give rise to Plaintiff's claims occurred within the Northern District of Georgia, Atlanta Division. 39 U.S.C. §409(b); 28 U.S.C. §1391(b)(2).

## ADMINISTRATIVE PROCEDURES

6.

Plaintiff have fulfilled all conditions necessary to proceed with this cause of action by timely filing administrative claims with USPS regarding the specific allegations and damages detailed herein. On January 24, 2022, the USPS issued "Right to Sue" correspondence and its final action notice. *See* Correspondence dated January 24, 2022, attached hereto as Exhibit A.

7.

Pursuant to 28 U.S.C. §2401(b) Plaintiff has fulfilled all pre-suit

administrative requirements, have timely file suit, and may proceed with this litigation against the United States of America.

## FACTS

8.

On November 19, 2020, Plaintiff was the driver of a 2011 Jaguar XJ in the parking lot of 3940 State Route 138 in Fulton County, Georgia.

9.

Plaintiff was preparing to proceed out of the parking lot. At all times relevant hereto, Plaintiff operated his vehicle in a safe, reasonable, and prudent fashion.

10.

At the time of the accident, and employee of the USPS - Ms. Joan Brown-Tillman, was operating a USPS vehicle (VIN: 1FC3E3KSXHDC54513) and was engaged in her day-to-day duties as an employee of the USPS.

11.

Ms. Brown-Tillman was crossing through the parking lot of 3940 State Route 138.

12.

Suddenly and without warning, Ms. Brown-Tillman sideswiped the entire

front of the Plaintiff's vehicle.

13.

The force of the impact caused damage to Plaintiff's vehicle and the vehicle driven by Ms. Brown-Tillman, as well as extensive injuries to Plaintiff.

14.

At said time and place, Ms. Brown-Tillman failed to act in the manner expected of a reasonable and prudent driver by failing to maintain lane of travel and causing a collision with Plaintiff's vehicle.

15.

Through the negligent operation of her USPS vehicle, Ms. Brown-Tillman was at fault for Failure to Maintain Lane of Travel, in violation of O.C.G.A. § 40-6-48, which constitutes negligence per se, and Ms. Brown-Tillman was otherwise negligent.

16.

The aforesaid collision was not the result of any negligence on the part of Plaintiff.

17.

As a result of the collision, Plaintiff sustained injuries to his body, including neck, shoulders, back, as well as his right knee.

18.

As a result of the injuries Plaintiff sustained in the collision, he has incurred significant physical and mental pain and suffering as well as extensive costs and expenses.

19.

Plaintiff has incurred approximately $4,585.00 in medical costs and other special damages as a direct and proximate cause of Ms. Brown-Tillman's negligence while engaged in her duties as an employee of the USPS. Additionally, Plaintiff's vehicle was totaled, and special damages associated with property damage to his vehicle total of $7,770.73.

20.

Due to the collision between Ms. Brown-Tillman and Plaintiff, Plaintiff suffered serious bodily injuries, incurred medical expenses, and endured physical and emotional pain and suffering, past, present, and future.

## COUNT I
## NEGLIGENCE

21.

Plaintiff hereby re-alleges and reincorporates every paragraph, allegation and count of this Complaint contained in paragraphs 1 through 20 as if fully set forth herein.

22.

The Defendant is subject to suit for the negligence of Ms. Brown-Tillman as an employee of the USPS while in operation of her USPS issued vehicle in directly and proximately causing the injuries to Plaintiff on November 19, 2020.

23.

28 U.S.C. §2401, et seq., the Federal Tort Claims Act, and 39 U.S.C. §409 specifically provide for this negligence claim against the United States of America due to the negligent conduct of the USPS and its employee.

24.

The Defendant owed Plaintiff a duty to safely operate the motor vehicle in accordance with the traffic laws and rules of the State of Georgia. Defendant, through the USPS and its employee, breached the duty owed to Plaintiff when Ms. Brown-Tillman struck the front of Plaintiff's vehicle.

25.

This USPS delivery truck was an actual, apparent, and/or ostensible agent and/or Federal employee acting within the scope of employment of the United State of America and/or the United States Postal Service at the time stated herein. As such, defendant is vicariously liable for the negligent acts and/or omission of their

employee, by and though the laws of agency and/or pursuant to the doctrine of *Respondeat Superior*.

26.

Defendant is therefore liable to Plaintiff for past special damages.

27.

Defendant is further liable to Plaintiff for general damages in an amount to be proven by the evidence at trial.

28.

Defendant, individually, and by and through their agents, agencies, facilities, and/or employees are additionally negligent in contracting with, hiring supervising, retaining, and/or continuing to employ and/or grant privileges to this Truck driver when either or both knew or should have known though the exercise of reasonable care, that it was likely and foreseeable that their negligent hiring would result in the injury to a person such as plaintiff.

29.

Defendant is therefore liable to Plaintiff for punitive damages in an amount to be proven at trial for negligent hiring and retention.

30.

Due to the collision between Defendant and Plaintiff, Plaintiff suffered serious bodily injuries, incurred medical expenses, and endured physical and emotional pain and suffering, past, present, and future.

31.

Plaintiff has incurred approximately $4,585.00 in medical costs and other special damages as a direct and proximate cause of Ms. Brown-Tillman's negligence while engaged in her duties as an employee of the USPS. Additionally, Plaintiff's vehicle was totaled, and special damages associated with property damage to his vehicle totaled $7,770.73.

32.

Plaintiff is also entitled to compensatory damages for pain and suffering associated with the injuries directly and proximately caused by the Defendant's negligence in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that he has judgment against Defendant as follows

    a) that process be served upon Defendant in accordance with the law;

    b) that a jury trial be had on all issues;

c) that judgment be awarded for Plaintiff for general damages in an amount to be determined by the enlightened conscience of a fair and impartial jury;

d) that judgment be awarded for Plaintiff for those special damages proven at trial;

e) that Plaintiff recover punitive damages in an amount to be determined by the enlightened conscience of the jury;

f) that Defendant be required to pay all court costs; and,

g) that Plaintiff has such other and further relief as this Court deems appropriate.

Submitted this __13th__ day of October, 2022.

**KENNETH S. NUGENT, P.C.**

By: _/s/ Eric Sterling_
ERIC A. STERLING
Georgia Bar No.: 995511
*Attorney for Plaintiff*

4227 Pleasant Hill Road
Building 11, Suite 300
Duluth, Georgia 30096
T: (770) 495-6641 | F: (770) 495-6788
esterling@attorneykennugent.com
*Counsel for Plaintiff*

## **CERTIFICATE OF COUNSEL**

Pursuant to Local Rule 7.1, the undersigned attorney certifies that this motion was prepared with Time New Roman (14 point), one of the fonts and point selections approved by the Court in Local Rule 5.1C.

Submitted this _13th_ day of October, 2022.

**KENNETH S. NUGENT, P.C.**

By: _/s/ Eric Sterling_
ERIC A. STERLING
Georgia Bar No.: 995511
*Attorney for Plaintiff*

4227 Pleasant Hill Road
Building 11, Suite 300
Duluth, Georgia 30096
T: (770) 495-6641 | F: (770) 495-6788
esterling@attorneykennugent.com
*Counsel for Plaintiff*